**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeannie T. Jones, ) | No. CV 11-633-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| First National Bank of Arizona; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Among the various motions currently pending before the Court is Plaintiff's motion for a preliminary injunction. Doc. 22. In the motion, Plaintiff seeks an order, "enjoining Defendants ... from Title Transfer, dishonoring established Trust and/or subjecting Plaintiff to abrupt eviction from the subject matter Real Property." *Id*. at 1. Defendants respond and argue that, although Plaintiff received a temporary restraining order blocking the trustee sale from the state court prior to removal, such temporary restraining order was contingent on Plaintiff posting a bond, which Plaintiff failed to do. Doc. 27 at 2. Defendants then state that because Plaintiff failed to post a bond, the trustee sale of the real property in question occurred on April 14, 2011. *Id*.

      Plaintiff replies and argues that the copy of the state court minute entry submitted by Defendants is a "false document." Doc. 32 at 3. Plaintiff seems to be correct that the minute entry submitted by Defendants appears to be page 1 of a minute entry from March 14, 2011 and page 2 of a minute entry from March 11, 2011. Doc. 27-1 at 3-4. Nonetheless, Plaintiff

does not dispute the substance of Defendants' response; specifically, that the state court required a bond, that Plaintiff failed to post a bond, and that the Trustee sale has already occurred.

Although Plaintiff has requested oral argument on her motion, and an evidentiary hearing in her reply, the Court does not find either to be necessary because Plaintiff has not set forth any facts, which if true, would entitle her to preliminary injunctive relief. A plaintiff seeking a preliminary injunction must establish that:

[1] she is likely to succeed on the merits,

[2] she is likely to suffer irreparable harm in the absence of preliminary relief,

[3] the balance of equities tips in her favor, and

[4] an injunction is in the public interest.

*American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008)). If Plaintiff cannot meet this test, the Court may consider the alternative sliding scale test. "A preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor. .... Of course, plaintiffs must also satisfy the other *Winter* factors." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (2011) (internal citations and quotations omitted).

Here, Plaintiff's entire argument in her unsigned motion is three paragraphs. None of the paragraphs addresses likelihood of success on the merits, irreparable harm, the balance of equities, or the public interest. Doc. 22.[1] Thus, on this record, the Court will not grant

---

[1] The entire argument of the motion is: "Plaintiff states that this case involves repeated successful obstructions employed by Defendants to avoid any treatment on the merits. Plaintiff has made diligent efforts to seek review and not be forced through an illegal taking rooted in fraud. Plaintiff did move the state court in connection with these same Defendants, for a Temporary Restraining Order. Plaintiff requests that this Court view this [sic] pleadings as one generated by a pro se litigant. (citation omitted). Plaintiff submits that this motion is made in the interest of justice." Doc. 22 at 2.

preliminary injunctive relief. However, this Order is without prejudice to Plaintiff re-moving for a preliminary injunction if she can show facts which support each of the prongs listed above for seeking a preliminary injunction.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunction (Doc. 22) is denied, without prejudice.

DATED this 30th day of June, 2011.

James A. Teilborg
United States District Judge