**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeannie T. Jones,<br><br>        Plaintiff,<br><br>vs.<br><br>First National Bank of Arizona; Bank of America Corporation; Title Pro LLC; Mortgage Electronic Registration System, Inc.; Reconciltrust, N.A.,<br><br>        Defendants. | No. CV 11-633-PHX-JAT<br><br>**ORDER** |

On July 13, 2011, the Court issued the following Order:

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). Defendants have removed this case to federal court alleging jurisdiction based on diversity. Doc. 1 at 2.

In reviewing this case for federal subject matter jurisdiction, the Court notes that Bryan Cave, through counsel Robert Shely and Shayna Fernandez pleaded, under Rule 11, that BAC Home Loans Servicing LP is a citizen of Texas and California for diversity jurisdiction purposes. The Court finds this avowal curious for two reasons: 1) BAC Home Loans Servicing LP is not a party to this case; and 2) in CV 10-2696, Doc. 27 at 2, Bryan Cave, through counsel Robert Shely and Gregory Iannelli pleaded, under Rule 11, that BAC Home Loans Servicing LP is a citizen of North Carolina for diversity purposes.

Diversity jurisdiction requires complete diversity among all Plaintiffs and all Defendants. *Caterpillar v. Lewis*, 386 U.S. 523, 531 (1996). In this case, Defendants have not alleged the citizenship of Defendants First National Bank of Arizona, Bank of America Corporation, or Title Pro LLC. Obviously failing to allege the citizenship of over half of the Defendants is inadequate for this Court to independently review its jurisdiction. Therefore,

IT IS ORDERED that the removing Defendants shall file an amended notice of removal by July 20, 2011, or this case will be remanded for lack of federal subject matter jurisdiction.

Doc. 36.

On July 20, 2011, the removing Defendants filed an amended notice of removal. In the amended notice of removal, Defendants fail to plead the citizenship of Defendant Title Pro LLC. *See Belleville*, 350 F.3d at 693; *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company is a citizen of every state in which a member is a citizen). Although the removing Defendants state that Title Pro LLC has not been served, a defendant can not ignore an unserved, nondiverse co-defendant in seeking to remove a case to federal court based on diversity. *Cripps v. Life Ins. Co. of N. Amer.*, 980 F.2d 1261, 1266 n. 4 (9th Cir. 1992) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)).

Because this Court still cannot determine its jurisdiction, and because the Court has already given Defendants an opportunity to cure the jurisdictional defects in the original notice of removal,

IT IS ORDERED that the case is remanded to superior court due to Defendants failure to establish federal subject matter jurisdiction; Plaintiff's motions to remand (Docs. 9, 10, and 23) are denied as moot. All other motions (Docs. 7 and 11) remain pending before the superior court.

DATED this 22nd day of July, 2011.

James A. Teilborg
United States District Judge